KAREN NELSON MOORE, Circuit Judge,
concurring in part and dissenting in part.
I concur in Parts I and II of the majority’s opinion, affirming the district court’s denial of McCall’s motion to suppress. I respectfully dissent, however, from Part III and would conclude that the district court erred in applying the two-level firearm sentencing enhancement. The firearms were unloaded hunting rifles, and there was no ammunition in the car. I believe that this situation is analogous to the example provided in the Sentencing Guidelines, which states that “the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet.” United States Sentencing Guidelines § 2D1.1 cmt. n. 3. The district court, moreover, found “it[ ] difficult ... to give [Ronnie Frost] a great amount of credence” and did not rely on Frost’s testimony to apply the enhancement. R.88 (Sent. H’rg Tr. at 13, 15). Instead, the district court relied on its own “experience [that] firearms are traded for drugs and vice versa all the time.” Id. at 15. If the district court’s general experience regarding the trade of firearms and drugs is all that is necessary to apply the enhancement, then the presumption that arises when a defendant possessed the firearm during the offense is, in effect, irrebuttable. Indeed, the district court appears to have treated McCall’s possession of the firearms in that way; after stating that, in its experience, firearms and drugs are traded “all the time,” the district court concluded: “So the United States Sentencing Guidelines Section [2Dl.l(b)(l) ] states, if the defendant possesses a firearm, increase two levels. So this is an appropriate increase.” Id.
For these reasons, I respectfully dissent.